IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 14-11-GF-BMM |
| Plaintiff/Respondent, | |
| vs. | ORDER |
| KENNETH WAYNE DAVIS, | |
| Defendant/Movant. | |

This case comes before the Court on Defendant/Movant Davis's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Davis is a federal prisoner proceeding pro se.

In reviewing the motion, the Court has refreshed its memory by consulting the court reporter's rough transcripts of Davis's change of plea and sentencing hearings. Pursuant to 28 U.S.C. § 753(f), the United States will be required to order the transcript for the Court's file and for Davis.

**I. Preliminary Screening**

The motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

A petitioner "who is able to state facts showing a real possibility of

1

constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). "[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

Davis was indicted on one count of conspiring to possess at least five grams of pure methamphetamine with intent to distribute it, a violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count 1); one count of possessing at least five grams of pure methamphetamine with intent to distribute it, a violation of 21 U.S.C. § 841(a)(1) (Count 2); one count of being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1) (Count 3); and one count of being an addict in possession of forearms, a violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2) (Count 4).

On April 1, 2014, the parties filed a fully executed plea agreement. Davis agreed to plead guilty to Count 2. In exchange, the United States agreed to dismiss Counts 1, 3, and 4 and agreed not to file an Information under 21 U.S.C. § 851. Plea Agreement (Doc. 15) at 2-3 ¶ 2 paras. 2-3. Davis pled guilty in open court on April 9, 2014. Minutes (Doc. 17).

Sentencing was held on July 24, 2014. Davis was held responsible for 20-35 grams of pure methamphetamine. Under the Guidelines in effect at the time, Davis's base offense level was 28. He received a two-point enhancement for possession of a firearm and a three-level reduction for acceptance of responsibility. The United States sought an additional two-level downward variance in anticipation of a guidelines amendment to U.S.S.G. § 2D1.1 that would lower the base-offense level. Davis's total offense level was 25, and his criminal history category was V. He was sentenced to serve 84 months in prison, to be followed by a four-year term of supervised release. Minutes (Doc. 26); Am. Judgment (Doc. 30) at 2-3.

Davis did not appeal. His conviction became final on August 7, 2014. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2012).

On January 12, 2015, Davis filed a pro se motion asking the Court to eliminate the two-level enhancement for possession of a firearm. He explained that the enhancement was preventing him from obtaining admission to the Residential Drug Abuse Prevention program operated by the Bureau of Prisons. Pro Se Mot. (Doc. 32) at 1. The motion was denied. Order (Doc. 33).

Davis timely filed his § 2255 motion on July 7, 2015. 28 U.S.C. § 2255(f)(1).

### III. Claims and Analysis

**A. Davis's Claims**

Davis claims that counsel was ineffective because he failed to contest the two-point enhancement for possession of a firearm. Mot. § 2255 (Doc. 34) at 4 ("Ground One"). He also contends that counsel should have filed a "motion to suppress on grounds of constructive possession" or should have explained constructive possession. He contends that he did not "have possession of the guns or drugs." Referring to Jannell Downing, the woman with whom he was living at the time of his arrest, Davis says:

> The drugs were found in her wallet, in her purse. The hand gun was found alongside the suit case she was packing in the bedroom. And the rifle was found in a vehicle that she had the keys for, that she was in possession of.

*Id.* at 5 ("Ground Two"). Davis contends that if he had understood constructive possession or if a motion to suppress had been filed, he would not have pled guilty. *Id.*; *see also* Br. in Supp. (Doc. 34-1) at 1-2.

**B. Applicable Law**

Claims of ineffective assistance of counsel are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). Davis must allege facts sufficient to support an inference (1) that counsel's performance fell below an objective standard of reasonableness, *id.* at 687-88, and (2) that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different," *id.* at 694. In the specific context of a guilty plea, the prejudice prong requires Davis to show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "[T]here is no reason . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

### C. Constructive Possession and Motion to Suppress

Davis's claim that he would not have pled guilty if counsel had explained "constructive possession" to him is misguided. He states:

> [I]n order to show constructive possession, absent evidence of specific knowledge and intent to exercise dominion and control over the items, the government must, under our case law, prove that Mr. Davis exercised exclusive control over the drugs and weapons. Here the evidence does not support the inference that Davis exercised such control.

Br. in Supp. at 2. Davis does not cite any authority for this proposition. It is not the law. Had Davis stood trial, the jury likely would have been instructed:

> A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it. More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

9th Cir. Criminal Jury Instr. No. 3.17. Exclusive control is not required.

Davis offers no reason to suspect he did not know there was a rifle in his truck and also did not know there was a handgun in Downing's purse. He offers no

5

reason to suspect he could not, at any time he chose, pick up those guns and use them.[1] Even a person who never touches a firearm, only instructs another person what to do with it, is exercising dominion and control sufficient to establish constructive possession. *See, e.g.*, *United States v. Nungaray*, 697 F.3d 1114, 1116-17 (9th Cir. 2012).

Davis's claim that counsel should have filed a motion to suppress is similarly misguided. Davis was on probation with the State of Montana at the time of the search, and police had received a tip that he was selling methamphetamine. He provides no reason to believe there was any legal basis on which he could have contested the search. Presentence Report ¶¶ 11-12.

The facts Davis alleges, even assuming they are true, do not support a legal conclusion either that the search of his residence was unlawful or that he did not possess both the drugs and the guns with Ms. Downing. There is no reason to infer that counsel's performance may have been deficient or that Davis was prejudiced as a result. Because neither prong of the *Strickland/Hill* test is met, his claims regarding constructive possession and a motion to suppress are denied.

**D. Failure to Challenge Firearm Enhancement**

As there is no reason to suppose Davis did not possess the firearms, there is no reason to think counsel could have objected to the two-point enhancement for

---

[1] In addition, there was some indication that Davis, not Downing, accepted the handgun and the rifle as payment for a drug debt. *See* Presentence Report ¶ 15.

possession of a firearm or that Davis was prejudiced because he did not.

"The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1 Application Note. 11(A); Presentence Report ¶¶ 12, 15, 45. It was not clearly improbable that either firearm was connected with Davis's drug trafficking. This is especially so in view of Davis's previous federal conviction for being a felon in possession of a firearm – a conviction imposed after another occasion on which his residence was searched and guns and methamphetamine were found. Presentence Report ¶ 45.

Davis had access to firearms, and they were probably connected with his drug trafficking. While it is unfortunate that these facts might prevent him from obtaining entry into the Residential Drug Abuse Treatment Program, he knew at the time of sentencing that they might do so. Moreover, unlike many other people, Davis has already had one opportunity to complete that program.

Neither prong of the *Strickland* test is met. This claim is denied.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Davis's claims do not meet even the relatively low threshold of making a substantial showing that he was deprived of a constitutional right. Davis was on probation when his residence was searched and methamphetamine and a handgun were found in his home and a rifle was found in his vehicle. His claims that counsel should have moved to suppress the fruits of the search and that he was not guilty of possessing either the drugs or the firearms are based on a false assumption that the prosecution had to prove he exercised exclusive control over the drugs and the guns. There is no reason to encourage further proceedings. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the following transcripts are required to decide the issues presented by Davis:

    (a)    the change of plea hearing, held April 9, 2014;

    (b)    the sentencing hearing, held July 24, 2014.

2. The United States shall immediately order the transcripts of those

hearings for the Court's file, with copies to be delivered to Kenneth Wayne Davis # 09295-046, FCI Englewood, Federal Correctional Institution, 9595 West Quincy Ave., Littleton, CO 80123.

3. Davis's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 34) is DENIED;

4. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Davis files a Notice of Appeal;

5. The Clerk of Court shall ensure that all pending motions in this case and in CV 15-54-GF-BMM are terminated and shall close the civil file by entering judgment in favor of the United States and against Davis.

DATED this <u>16th</u> day of September, 2015.

*/s/ Brian Morris*
Brian Morris
United States District Court Judge