IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. KENNETH WAYNE DAVIS, Defendant. | Cause No. CR 14-11-GF-BMM ORDER DENYING MOTION |

On December 5, 2016, Defendant Davis, acting pro se, moved the Court to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendments 782 and 788 to the United States Sentencing Guidelines. He also seeks the benefit of a reduction under Amendment 794.

Davis received a two-level downward variance on the United States' motion in anticipation of Amendment 782. *See* Plea Agreement (Doc. 15) at 8 ¶ 7; Sentencing Tr. (Doc. 39) at 5:17-6:17; Statement of Reasons (Doc. 28) at 3 ¶ VI(D). He is not entitled to the same reduction a second time.

1

As to Amendment 794, which was not contemplated at the time of Davis's sentencing, there is no legal support for applying the amendment retroactively. Amendment 794 applies to defendants whose sentences were not yet final when the amendment was enacted on November 1, 2015. *See United States v. Quintero-Leyva*, 823 F.3d 519, 521 (9th Cir. 2016). In a footnote, the *Quintero* court pointed out that the case "did not present the issue of whether, under the Amendment, a defendant who has exhausted his direct appeal can move to reopen sentencing proceedings." That is the issue Davis presents. The *Quintero* court declined to reach it. *Id.* at 521 n.1.

The issue is reached, however, by 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. Section 3582(c)(2) authorizes a court to reopen a final sentence "based on a sentencing range that has subsequently been lowered" only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement regarding sentence reductions under § 3582(c)(2) is located in U.S.S.G. § 1B1.10. And, unlike Amendment 782, Amendment 794 is not included in the small group of "covered amendments" that are effective retroactively to sentences that were final before the amendment's adoption. *See* U.S.S.G. § 1B1.10(a)(1), (d) (Nov. 1, 2016).

Therefore, a reduction for Davis, whose sentence became final a year and a half before Amendment 794 was enacted, would not be consistent with the

2

applicable policy statement in U.S.S.C. § 1B1.10(d) and is not authorized by 18 U.S.C. § 3582(c)(2).

Accordingly, IT IS HEREBY ORDERED that Davis's motion under 18 U.S.C. § 3582(c)(2) (Doc. 46) is DENIED.

DATED this <u>14th</u> day of December, 2016.

/s/ Brian Morris
Brian Morris
United States District Court Judge